| | |
|---|---|
| 1 | Jeffrey S. Jacobson |
| 2 | KELLEY DRYE & WARREN LLP |
| | 101 Park Avenue |
| 3 | New York, New York 10178 |
| | Telephone: (212) 808-7800 |
| 4 | Facsimile: (212) 808-7897 |
| 5 | jjacobson@kelleydrye.com |
| 6 | Kent Brockelman (009627) |
| | Shelley Tolman (030945) |
| 7 | COPPERSMITH BROCKELMAN PLC |
| 8 | 2800 North Central Avenue, Suite 1200 |
| | Phoenix, Arizona 85004 |
| 9 | Telephone: (602) 381-5477 |
| | Facsimile: (602) 224-6020 |
| 10 | kbrockelman@cblawyers.com |
| 11 | stolman@cblawyers.com |

*Attorneys for Defendants Jeunesse, LLC,*
*Wendy Lewis, Scott Lewis and Ogale Ray*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| James J. Aboltin, individually and on behalf of all others similarly situated, | No. CV-16-02574-PHX-SPL |
| Plaintiff, | **NOTICE OF FILING AMENDED DECLARATION OF RYAN OGDEN** |
| v. | |
| Jeunesse, LLC, aka Jeunesse Global, Inc., a Florida limited liability company, Wendy R. Lewis, an individual, Ogale "Randy" Ray, an individual, Scott A. Lewis, an individual, Kim Hui, an individual, Jason Caramanis, an individual, Alex Morton, an individual, John and Jane Does 1-100, individual natural persons, and ABC Corporations, Companies, and/or Partnerships 1-20, | |
| Defendants. | |

{00263148.1 }

Defendants Jeunesse, LLC ("Jeunesse"), Wendy R. Lewis, Scott A. Lewis, and Ogale Ray ("Moving Defendants") based their pending Motion to Transfer Venue to Middle District of Florida on (1) a contractual forum-selection clause, and (2) a traditional analysis under 28 U.S.C. § 1404(a) assessing whether Arizona or Florida best serves the convenience of the parties and witnesses and the interests of justice. These arguments are entirely independent of one another and are made in the alternative.

In support of both arguments, Moving Defendants provided a declaration from Ryan Ogden, Jeunesse's Chief Financial Officer. With respect to the forum-selection clause, Mr. Ogden stated that, in order to become a Jeunesse distributor, Plaintiff James J. Aboltin ("Plaintiff") necessarily agreed to the terms of three documents that Plaintiff could read by clicking links on the sign-up page from which Plaintiff electronically signed his distributorship agreement. Mr. Ogden testified that Plaintiff saw and assented to a document setting forth the "Terms and Conditions" applicable to all distributors. Declaration of Ryan Ogden ¶ 4. The Terms and Conditions document includes a forum-selection clause requiring that legal disputes related to Jeunesse (and not subject to arbitration) be litigated in federal or state court in Florida. *Id.,* Ex. A (Paragraph 13).

In his opposition to the Motion to Transfer Venue, Plaintiff acknowledged that he saw and electronically assented to three documents containing terms and conditions of his distributorship. He disputed, however, that the Terms and Conditions document attached to Mr. Ogden's declaration was one of them. Mr. Ogden immediately investigated Plaintiff's assertion and determined that Plaintiff is correct. On July 10, 2016, the date on which Plaintiff agreed to become a Jeunesse distributor, the Jeunesse website mistakenly linked to a document describing the terms and conditions pertaining to Jeunesse's website, not the Terms and Conditions of distributorship. The Terms and Conditions of distributorship were posted elsewhere on the Jeunesse website and Plaintiff could have viewed that document, but Moving Defendants cannot, at this time, prove that he did. The error on Jeunesse's website had been corrected prior to preparation of Mr. Ogden's

declaration, and Mr. Ogden was unaware both of the error and its correction; as a result, he mistakenly believed that distributors who signed up in early July were required to agree to the same contractual documents put before prospective distributors in September, when Mr. Ogden prepared his declaration. Amended Declaration of Ryan Ogden, attached as Exhibit 1, ¶¶ 4-5.

Moving Defendants agree with Plaintiff [Opposition, p. 5 at fn. 3] that if they propose to continue relying on the Terms and Conditions document, and its venue clause, discovery would be required to demonstrate that Plaintiff saw the Terms and Conditions document and understood that it was part of his agreement with Jeunesse. Moving Defendants do not propose delaying resolution of the pending Motion to Transfer to allow for such discovery, and it is not necessary to do so. Moving Defendants have provided the Court with a wholly independent basis for transfer of this matter to Florida – the traditional balancing of convenience to the parties and witnesses – and believe that transfer clearly is warranted under this analysis.

For the above reasons, Moving Defendants provide Mr. Ogden's Amended Declaration to promptly correct the record,[1] and they apologize to the Court for the error. Moving Defendants withdraw, at this time, their argument based on the forum-selection provision in the Terms and Conditions document. Their reply memorandum will focus solely on whether this Court should transfer this action to the Middle District of Florida for the convenience of the parties and witnesses and in the interests of justice. Undersigned counsel informed counsel for Plaintiff of Moving Defendants' intention to take these steps in the days before the Thanksgiving holiday.

---

[1] Plaintiff's opposition brief suggests that because Jeunesse has a facility in Salt Lake City, the District of Arizona is a more convenient forum than the Middle District of Florida for the parties and witnesses. To ensure that the record is clear that members of Jeunesse's senior leadership team (the employees with knowledge of Jeunesse's compensation and marketing structure that Plaintiff has placed at issue in this case) work in Florida and not Utah, Mr. Ogden's Amended Declaration also adds a brief statement, at paragraph 11, to that effect.

{00263148.1}                                3

DATED: November 28, 2016.

**KELLEY DRYE & WARREN LLP**

By <u>s/ Jeffrey S. Jacobson</u>
  Jeffrey S. Jacobson

**COPPERSMITH BROCKELMAN PLC**

By <u>s/ Kent Brockelman</u>
  Kent Brockelman
  Shelley Tolman

  *Attorneys for Defendants Jeunesse, LLC,*
  *Wendy Lewis, Scott Lewis, and Ogale Ray*

**Certificate of Filing and Service**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on November 28, 2016, my office electronically transmitted the foregoing Notice of Filing Amended Declaration of Ryan Ogden to the U.S. District Court clerk's office for filing.

Pursuant to Section D(2) of the CM/ECF Manual, a Notice of Electronic Filing should be sent to the assigned judge and counsel of record:

David N. Ferrucci
Jonathan S. Batchelor
David G. Bray
DICKINSON WRIGHT PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
*Attorneys for Plaintiff*

David Griffith Eisenstein
LAW OFFICES OF DAVID G. EISENSTEIN PC
4027 Aidan Circle
Carlsbad, California 92008
*Attorneys for Defendant Alex Morton*


/s/ Kent Brockelman