**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| James J. Aboltin and Pamela J. Knight, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Jeunesse, LLC aka Jeunesse Global, Inc., a Florida limited liability company, MLM Mafia, Inc., a Nevada Corporation, Online Communications, LLC, a Wyoming limited liability company, Wendy R. Lewis, an individual, Ogale "Randy" Ray, an individual, Scott A. Lewis, an individual, Kim Hui, an individual, Jason Caramanis, an individual, Alex Morton, an individual, Kevin Giguere, an individual, John and Jane Does 1-100, individual natural persons, and ABC Corporations, Companies, and/or Partnerships 1-20,<br><br>　　　　　　Defendants. | Case No. 6:17-cv-01624-PGB-KRS |

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

AND NOW, upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and all supporting materials, and the proposed Settlement Agreement between Plaintiffs James J. Aboltin and Pamela J. Knight (collectively "**Plaintiffs**"), and Defendants Jeunesse, LLC (a/k/a Jeunesse Global, Inc.), a Florida limited liability company (hereafter "**Jeunesse**"); Wendy R. Lewis; Ogale "Randy" Ray; Scott A. Lewis;

Kim Hui; and Kevin Giguere (collectively, "**Settling Defendants**,"[1] and together with Plaintiffs, the "**Parties**"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. Following a hearing on the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement on September 12, 2018, the Court granted the Motion; found that the terms and conditions of the Settlement Agreement were within the range of reasonableness for preliminary approval; conditionally certified a settlement class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure; and directed that notice of the Settlement be issued to potential members of the Settlement Class in accordance with the Settlement's notice plan (Dkt. No. 264).  The Settlement notice provided members of the Settlement Class with information about the litigation and settlement; an opportunity to submit claims; and a manner to exclude themselves from the Settlement Class or voice objections.

3. On January 8, 2018, the Court held a Final Approval Hearing at the United States District Court for the Middle District of Florida, allowing the Parties, members of

---

[1] Three named defendants in this matter—Alex Morton, Jason Caramanis, and MLM Mafia, Inc., a company controlled by Mr. Caramanis—are not parties to the Settlement Agreement.  Intentionally, however, the Release provided for in the Settlement Agreement, set forth below in Paragraph 24, extends to all claims that Plaintiffs and the Settlement Class have against *all* Defendants, including Mr. Morton, Mr. Caramanis, and MLM Mafia, Inc. The term "Defendants," as used herein, means *all* Defendants whom Plaintiffs sued in this matter. Because this Order of Final Approval, and the Settlement's release provision, resolve all claims of Plaintiffs and the Settlement Class against all Defendants, the Court separately will issue an Order terminating this lawsuit with prejudice against all Defendants.

2

the Settlement Class, and other interested parties to be heard on all issues related to the proposed Settlement.

4. The findings below are based on the Court's review of the record and arguments of counsel.

## Final Approval of Settlement Agreement

5. The Court approves the terms and conditions set forth in Settlement Agreement, including all exhibits thereto, finding them to be fair, reasonable, adequate, and in the best interests of the Settlement Class Members.  The Court expressly incorporates the Settlement Agreement, including all exhibits thereto, into this Final Order and Judgment.  The Settlement Agreement resulted from arm's-length negotiations between the parties, including via in-person, Court-ordered mediation overseen by an experienced mediator.  The Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.  The Court finds that the Settlement represents a reasonable compromise of disputed legal and factual issues.

6. The Parties are ordered to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and conditions of the Agreement without delay.

## Certification of the Settlement Class, Continued Appointment of Class Counsel and Settlement Class Representatives

7. Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> all Distributors of Jeunesse—persons who executed a contract with Jeunesse providing the opportunity to sell or resell Jeunesse products

and/or to sponsor other persons to do so; paying for a "starter kit" of materials to facilitate this business opportunity; directly or indirectly holding a position in the Jeunesse genealogy of Distributors, and/or purchasing Jeunesse products at the discounted prices available only to Jeunesse distributors— between January 1, 2010, and September 12, 2018. Excluded from the Settlement Class are the Defendants, Defendants' employees, and Defendants' family members.

8. Based on the facts and the evidence in the record, the Court finds, for settlement purposes only, that the litigation as to the claims against the Settling Defendants meet all prerequisites of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, including that:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class;

    c. Plaintiffs' claims are typical of the claims of the Settlement Class Members;

    d. Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class;

    e. With respect to the injunctive portions of the Settlement Agreement, the Court finds that the Settling Defendants allegedly have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole;

    f. With respect to the non-injunctive portions of the Settlement Agreement, the Court finds that common questions of law and fact predominate over questions affecting only individual Settlement

Class Members and accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and that certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

9. Class Certification is for settlement purposes only, and is conditioned upon this Final Order and Judgment becoming Final, the terms of the Settlement Agreement, and the occurrence of the Effective Date.

10. The Court confirms the appointment of Plaintiffs James J. Aboltin and Pamela J. Knight as the Settlement Class Representatives. The Court finds that each has adequately discharged their duties to represent the best interests of the Class.

11. The Court finds that Jonathan S. Batchelor, of Jonathan Batchelor, PLC, and David Ferrucci and John P. Desmond, of Dickinson Wright, PLLC, have fairly and adequately represented the interests of the Class, and confirms their appointment as Co-Lead Class Counsel for the Settlement Class. The Court finds that each has adequately discharged their duties to represent the best interests of the Class.

**Notice to Settlement Class Members Satisfies Due Process**

12. The Court previously considered and approved the notice plan set forth in the Settlement Agreement and the notices appended as exhibits to the Settlement Agreement, and finds that the method of providing notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. The Court finds that the notice specified above was issued by the Settlement Administrator in accordance with the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 264). *See* Declaration of Ricky Borges of Epiq Class Action & Claims Solutions, Inc. (Dkt. No. 285-1) ("Borges Decl."), ¶¶ 5-8.

14. The Court has reviewed the declaration filed by Mr. Borges and finds that, to date, the Settlement Administrator has fulfilled its responsibilities as set forth in the Settlement Agreement. The Settlement Administrator is directed to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement.

### Requests for Exclusion

15. The Settlement Administrator has filed a list of 21 Settlement Class Members who timely submitted written request to be excluded from the Settlement Class. *See* Borges Decl., ¶10, Ex. 3.

16. The Court directs that the above-referenced persons and entities are not bound by the Settlement Agreement or this Final Order and Judgment, including the Release.

### Objections and Other Opposition to the Settlement

17. One objection to the Settlement was made, by Helen Xiong. *See* Dkt. No. 284.

18. The Court finds that Ms. Xiong opted out of the Settlement Class by submitting a request to be excluded, dated November 26, 2018. *See* Dkt. No. 284-3 (Xiong opt-out form); Borges Decl., ¶10, Ex. 3 (listing Xiong as opt out number 19).

19. As such, Ms. Xiong lacks standing to object to the Settlement. A "successful opt-out" like Ms. Xiong "cannot also file an objection to the Settlement." *Jones v. United Healthcare Servs., Inc.*, No., 0:15-cv-61144-RLR, 2016 WL 8738256, at *4 (S.D. Fla. Sept. 22, 2016). *See also, e.g., Zamora v. Lyft, Inc.*, No. 16-cv-2558-VC, 2018 WL 58119511, at *1 (N.D. Cal. Nov. 6, 2018) (class member "cannot both object and opt out under the terms of the settlement"). "[I]t is well established that class members may either object or opt out, but they cannot do both." *Carter v. Forjas Taurus S.A.*, No. 1:13-CV-24583-PAS, 2018 WL 3982489, at *13 (S.D. Fla. July 22, 2016), *quoting* Newberg on Class Actions § 13.23 (5th ed.) ("Class members who opt out of the class…are no longer considered class members, and hence Rule 23 does not give them standing to object to the settlement.").

20. Although Ms. Xiong lacks standing to object to the Settlement, the Court has considered Ms. Xiong's substantive arguments and finds them to lack merit. Among other things, the Court concludes that it has the ability to approve a release applicable to Distributors based in California.

21. Truth in Advertising.Org ("TINA") has also filed an *amicus curiae* brief expressing concerns with the Settlement (Dkt. No. 284) similar to Ms. Xiong's, as well as other arguments, including that the Settlement would not suffice to pay all claims, and that the Settlement should not have included a claims process. Based on the Court's review of the record, the funds exist to pay claimants without resorting to *pro rata* reductions. The Court also concludes that a claims process was necessary to the Settlement, and that the process was fair, reasonable and adequate under the circumstances.

**Dismissal of Claims**

22.     All Released Claims in the operative Complaint are dismissed with prejudice.

**Release**

23.     The Court approves the Release set forth in Section 8 of the Settlement Agreement and repeated, for clarity's sake, immediately below.

24.     As of the Effective Date and in consideration of this Settlement Agreement and the benefits extended to the Class, the Defendants and all of its and their present and former, direct and indirect, subsidiaries, parents, affiliates, incorporated or unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives, and all Distributors, shall be released and forever discharged by the Class Representatives, for themselves and as the representatives of each Settlement Class Member; each Settlement Class Member on behalf of himself or herself; and their respective present and former, direct and indirect, subsidiaries, parents, affiliates, incorporated or unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Releasing Parties") from all claims, demands, rights, liabilities, suits, or causes of action, known or unknown, as of the Effective Date, that (1) were or could have been asserted in the complaints filed in this Action, or (2) are based upon, arise out of, or reasonably relate to, the claims asserted in the Action.  This definition of "Released Claims" specifically extends to any allegation that,

during the Class Period, Jeunesse or any Distributor engaged in any acts of unfair competition; false and/or misleading advertising; or operated any type of illegal, pyramid, endless chain, or fraudulent scheme.

25. Upon the Effective Date, Settlement Class Members shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that were brought or could have been brought in the complaints in this Action without regard to the subsequent discovery or existence of such different or additional facts.

## Claims Administration

26. The Court orders the Parties and the Settlement Administrator to perform their obligations pursuant to the terms of the Settlement Agreement.

27. Consistent with Section 4.15 of the Settlement Agreement, the Court orders that no disbursements from Available Settlement Funds shall be made prior to this Final Order and Judgment becoming Final.

## Attorneys' Fees and Costs and Service Awards

28. The Settlement Agreement allowed Class Counsel to apply to the Court for an award of attorneys' fees and reimbursement of their expenses and costs from the

Settlement Fund as a percentage of the entire value of settlement, including monetary and the value of the equitable relief, and, as a common fund, in accordance with applicable law.

29. The Court finds that Class Counsel's efforts litigating this case and securing the pool of settlement benefits defined in the Settlement Agreement have benefited the members of the Settlement Class and that they should be compensated for their time, effort, risk and expenses advanced.

30. Class counsel have each submitted declarations detailing their time, efforts and expenses advanced prosecuting this case for the benefit of the Class (Dkt. Nos. 273-2, 273-3).

31. Based on the foregoing, the Court awards Class Counsel $825,000.00 in attorneys' fees and expenses.

32. The Court finds that the amount awarded is fair, adequate and reasonable pursuant to both the percentage of the benefit and lodestar methods of awarding attorneys' fees in class actions.

33. The Settlement Administrator is directed to pay this amount to Class Counsel from available settlement funds as instructed by Class Counsel and in a manner and at a time consistent with the Settlement Agreement.

34. Class Counsel has filed a declaration describing each Settlement Class Representative's general time and efforts pursuing this litigation for the benefit of the Settlement Class (Dkt. No. 273-2).

35. The Court finds that the time and effort of the Settlement Class Representatives benefited the members of the Settlement Class and that Class

Representative Service Awards are appropriately awarded to each. A Service Award of $1,000.00 shall be paid to James J. Aboltin, and a Service Award of $2,500.00 shall be paid to Pamela J. Knight. The Settlement Administrator is directed to pay these amounts from available settlement funds in a manner and at a time consistent with the Settlement Agreement.

## Judgment

36. The Court orders that Judgment in the Action be entered on the terms of the Settlement Agreement as set forth in this Final Order and Judgment and dismisses all Released Claims and causes of action asserted in the Action, on the merits and with prejudice, as to the Settlement Class Representatives and all Settlement Class Members. This dismissal is without cost to any party, except as specifically provided in the Settlement Agreement.

37. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction in the Action over: (a) implementation and enforcement of the Settlement Agreement, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement, including all payments set forth thereunder; (b) any other action necessary to conclude this settlement and implement the Settlement Agreement; and (c) the administration, consummation, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purpose.

38. The Court finds that no just reason exists for delay in entering this Judgment and the Clerk is hereby directed forthwith to enter Judgment in the Action.

**Remaining Provisions**

39. Counsel for the Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt non-substantive amendments to, modifications of, and/or expansions of the Settlement Agreement, if such changes are consistent with this Order and do not limit the rights of any person or Settlement Class Member entitled to relief under the Settlement Agreement. All substantive amendments, modifications, and/or expansions shall be submitted to the Court in the form of a joint motion for approval.

40. No party with standing to do so has objected to the Settlement. Accordingly, no objector has standing to appeal. Nevertheless, if the Settlement Agreement is terminated or is not consummated for any reason whatsoever, or if this Final Order does not become Final, then this Order, including the certification of the Settlement Class and appointment of Class Representatives and Co-Lead Class Counsel, shall be void and/or vacated, and this action shall proceed as though the certification and appointments never occurred, with Plaintiffs and Defendants being deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

41. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants for any fault, wrongdoing, breach, or liability. Nor shall it be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate or improper, or as a waiver by any Party of any claims or defenses he, she, or it may have;

nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim or defense asserted in the Action.

**DONE AND ORDERED** in Orlando, Florida on January 9, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties

13