**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES J. ABOLTIN and PAMELA J. KNIGHT,

       Plaintiffs,

v.                                                                                          Case No: 6:17-cv-1624-Orl-40T_S

JEUNESSE LLC, WENDY R. LEWIS, OGALE RAY, SCOTT A LEWIS, JASON CARAMANIS, ALEX MORTON, UNKNOWN PARTIES, MLM MAFIA, INC., ONLINE COMMUNICATIONS, LLC and KEVIN GIGUERE,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Hong Xue Young's Motion to Reopen Case and for Partial Modification of the Court's Injunction Order, or in the Alternative Partial Reconsideration (Doc. 322 (the "**Motion**")), filed October 14, 2020. Upon consideration, the Motion is due to be denied.

**I.     BACKGROUND**

Jeunesse independent distributor James Aboltin initiated a class action lawsuit against Jeunesse and Kim Hui (collectively, "**Defendants**") on July 29, 2016. (Doc. 310, p. 6). On January 9, 2019, this Court granted Mr. Aboltin's Motion for Final Approval of Class Action Settlement. (Doc. 292).

Subsequently, Helen Xiong—the only *Aboltin* class member who opted out of the class—sued Defendants in California state court. (Doc. 310, pp. 3, 8). On July 16, 2020, Ms. Xiong filed a motion for leave to amend her state court complaint to add Hong Xue

Young—an *Aboltin* class member who did not opt out of the class—as a plaintiff. (*Id.* at p. 4).

On July 31, 2020, Defendants filed a Motion to Reopen Case and to Enforce Settlement Agreement and for Injunctive Relief in this Court. (Doc. 310 ("**Motion for Injunctive Relief**")). Defendants requested the Court to permanently enjoin Ms. Young from proceeding in state court. (Doc. 310). On September 16, 2020, the Court partially granted Defendants' Motion for Injunctive Relief, reopened the previously closed *Aboltin* case, and issued a permanent injunction against Ms. Young. (Doc. 319 (the "**Injunction Order**")). Relevant to the instant Motion, the Court determined that the *Aboltin* Settlement Agreement barred Ms. Young's California Private Attorney General Act ("**PAGA**") claims. (*Id.* at pp. 9–12).

On September 24, 2020, the Court directed the parties to advise the Court by October 1, 2020 as to why the case should not be re-closed, noting that failure to comply would result in closure of the case without further notice. (Doc. 320 ("**Order to Show Cause**")). Ms. Young did not comply with the Order to Show Cause. Accordingly, the Court closed the case on October 5, 2020.

Nine days after the Court re-closed the case, 20 days after the issuance of the Order to Show Cause, and nearly a month after the issuance of the Injunction Order, Ms. Young submitted this Motion. (Doc. 322). Defendants responded in opposition. (Doc. 324).

**II.    STANDARD OF REVIEW**

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new

2

evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

### III.  DISCUSSION

Court-imposed deadlines are not suggestions for litigants to disregard as they please. The Court has no obligation to consider untimely filings, particularly where—as here—the parties offer no explanation for their dilatoriness. The Motion could be denied for this reason alone. However, the Court will briefly address the merits of the Motion to deter further frivolous filings by Ms. Young.

First, Ms. Young accuses the Court of relying on bad law. (Doc. 322, p. 3). In the Injunction Order, the Court analyzed two California cases: (1) *Villacres v. AMB Indus. Inc.*, 117 Cal. Rptr. 3d 398 (Cal. 2d DCA 2010), a California intermediate appellate court opinion ruling that, under the doctrine of res judicata, a class action settlement agreement barred an aggrieved employee from later bringing PAGA claims against her employer; and (2) *Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1126–27 (Cal. 2020), a California

3

Supreme Court case holding that an aggrieved employee who settled her individual claims does not lose standing to pursue claims under PAGA. (Doc. 319, pp. 9–12). The *Kim* court discussed the *Villacres* decision but did not overrule it. Nonetheless, Ms. Young states, "The intermediate appellate law relied on by this Court to partially enter an injunction on Hong Young's PAGA labor claims appears to have been overruled by the California Supreme Court." (Doc. 322, p. 2). She is incorrect. A close reading of the *Kim* opinion reveals the error in her reasoning.

Ms. Young hinges her argument on one statement by the *Kim* court: "But, even assuming *Villacres* was correctly decided, the situation here is obviously distinguishable." *Kim*, 459 P.3d at 1135; (*Id.* at p. 3). Ms. Young reads this statement as "suggest[ing] that *Villacres* was overruled or at most, or [sic] minimum persuasive value." (*Id.*). The Court disagrees. The *Kim* court refused to delve into the merits of *Villacres* and instead chose to *distinguish* it. The Court was therefore free to consider *Villacres* as persuasive authority.

Ms. Young counters that, in the alternative, the facts of this case align with *Kim*. (*Id.* at pp. 4, 7). In making this assertion, Ms. Young repeats her earlier argument (Doc. 313, pp. 5–7), which the Court already addressed in the Injunction Order (Doc. 319).[1]

---

[1] In Ms. Young's response to Defendants' underlying motion, she suggests that *Kim* "rul[ed] that a release of claims does not bar or estop the assertion of PAGA claims." (Doc. 313, p. 1). Addressing this argument, the Court's Injunction Order discussed the *Kim* and *Villacres* opinions to demonstrate that California law does not create an exception to the doctrine of res judicata for PAGA claims. (Doc. 319, pp. 10–12). The Court also noted that the instant matter more closely resembles the situation in *Villacres* in that the terms of the *Aboltin* Settlement Agreement broadly releases all claims and does not create a carve out for PAGA claims. (*Id.*). The Court then applied federal claim preclusion law in holding that the *Aboltin* Settlement Agreement bars Ms. Young's PAGA claims. (*Id.*).

Parties may not relitigate the merits of the case or bicker with the Court's reasoning in a motion for reconsideration. *See Madura*, 2013 WL 4055851, at *2.

Second, Ms. Young criticizes the Court for choosing not to discuss *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014). (Doc. 322, p. 5). The Court reminds Ms. Young that it does not have to address every single case cited by the parties. Furthermore, *Iskanian* held that "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." *Id.* at 133. Because *Iskanian* deals with the prospective waiver of PAGA claims in an employment agreement, it is not directly on point with the instant action, which deals with the post-dispute settlement of PAGA claims. *Id.* at 148–49. In other words, the ex ante waiver of PAGA claims before a dispute arises differs from the ex post settlement of PAGA claims after a dispute arises. Thus, the Court chose to discuss the California cases that specifically dealt with PAGA claims in the context of settlement agreements. Moreover, Ms. Young discussed *Iskanian* in her prior briefing (*Id.* at p. 6), and therefore *Iskanian* is not a "new" case worthy of the Court's consideration on

---

In Ms. Young's instant Motion, she argues that the language "even assuming *Villacres* was correctly decided" indicates that *Kim* questioned the *Villacres* decision. (Doc. 322, p. 3). Importantly, a careful reading of both cases shows that *Kim* does not question the *Villacres* court's general application of the claim preclusion doctrine. Rather, *Kim* simply refrains from examining how the *Villacres* court applied the general doctrine of res judicata to the specific facts of that case. 459 P.3d at 1134–35. In sum, *Kim* does not imply that PAGA claims are immune from all res judicata challenges but merely refuses to analyze the lower court's finding that the facts particular to the *Villacres* action show that claim preclusion bars the second suit. Here, the relevant inquiry is not whether the *Villacres* court applied California claim preclusion law correctly. Rather, the point is that PAGA claims are subject to res judicata challenges under California law, which permits this Court to apply federal claim preclusion law to the instant case.

5

a motion for reconsideration.[2] *See Fla. Coll. of Osteopathic Med., Inc.*, 12 F. Supp. 2d at 1308.

Third, Ms. Young states, "even if the Court is correct that due process was provided to Hong even though evidence was to the contrary, whether those purported notices provided 'notice' of a release of labor claims is an entirely different question, to be answered in the negative." (*Id.* at p. 5). Once again, it is inappropriate to use a motion for reconsideration to relitigate old matters, and the Court has already determined that due process requirements have been satisfied here. *See Wilchombe*, 555 F.3d at 957; (Docs. 292, 319). To the extent that Ms. Young raises a new argument concerning the content rather than the non-receipt of notice, this argument could have been raised in response to Defendants' underlying motion. *See Wilchombe*, 555 F.3d at 957.

Fourth, Ms. Young confusingly asserts that there is no case or controversy because the state court judge delegated Ms. Xiong's non-PAGA claims to arbitration. (Doc. 322, p. 6). The federal action is distinct from the state action. There is clearly a case or controversy here because federal courts have continuing enforcement jurisdiction. *See* 28 U.S.C. § 2283.

Ms. Young also proclaims that she is entitled to appeal the Court's January 9, 2019 Order approving the *Aboltin* Settlement Agreement (Doc. 292) under *Johnson v. NPAS Sols., LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. 2020). (*Id.*). In *Johnson*, the Eleventh Circuit determined that the district court violated the Federal Rules of Civil

---

[2] Ms. Young also cites to a tentative ruling published by a California trial court on August 13, 2020 that references *Iskanian* in finding that employers cannot require employees to sign prospective PAGA waivers. (Doc. 323-2, pp. 3–5). Even if this decision becomes final, it has no bearing on the instant action for the reasons stated above.

6

Procedure because it set a schedule requiring class members to file objections to the settlement more than two weeks before class counsel had filed their fee petition, awarded the class representative an incentive payment, and did not make findings or conclusions that might facilitate appellate review. *Id.* at *1. However, Ms. Young, as a non-objecting class member, likely does not have standing to appeal the Settlement Agreement, which was finalized approximately one year and nine months ago.  Additionally, nothing in *Johnson* suggests that it possesses retroactive effect. Even if *Johnson* has retroactive effect, it does not impact the scope of the release, which is binding on Ms. Young.

Fifth, Ms. Young asserts, "Although the Court took judicial notice of her proposed (and now moot) complaint, the Court never considered those judicial facts in its ruling, did not rule on Hong's evidentiary objections, nor schedule an evidentiary hearing." (*Id.*). It is unclear what "judicial facts" the Court supposedly ignored. Moreover, the Court has the authority to rule on the pleadings in this instance; it is not required to rule on evidentiary objections or hold an evidentiary hearing.

Ms. Young also notes, "Shortly after our submission to this Court, on August 28, 2020, the Department of Justice entered into a deferred prosecution agreement with Herbalife, concerning its violation of the FCPA under similar, but less egregious predicates." (*Id.* at p. 7). The Department of Justice's agreement with Herbalife appears to be entirely irrelevant to this matter, and Ms. Young provides no explanation as to its pertinence here.

Finally, Ms. Young includes a footnote that provides, "New facts have come to light that the distributions made under this settlement were to culprits released of anti-pyramid claims, and no victims actually claimed in and/or received the proceeds of settlement."

7

(*Id.* at p. 6). But Defendants' violation of the *Aboltin* Settlement Agreement—which Ms. Young alleges with no supporting evidence—does not give Ms. Young a license to violate it. Of course, Ms. Young can move to enforce the Settlement Agreement, and the Court will handle the alleged breach at that time.

Ultimately, Ms. Young is bound by the *Aboltin* Settlement Agreement because she did not opt out of the class. Thus, Ms. Young cannot maintain her released claims— including her PAGA claims—in California state court, and her Motion fails to satisfy the requisite standard for reconsideration. *See Fla. Coll. of Osteopathic Med., Inc.*, 12 F. Supp. 2d at 1308.

### IV.   CONCLUSION

For these reasons, is **ORDERED AND ADJUDGED** that Hong Young's Motion to Reopen Case and for Partial Modification of the Court's Injunction Order, or in the Alternative Partial Reconsideration (Doc. 322) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 23, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties